Dear Mayor Vallien:
Your request for an Attorney General's opinion has been forwarded to me for research and reply. Specifically, you ask:
 Should City of Opelousas police officers be appointed deputy marshals with any fees involved going to the city?
With regard to whether police officers should be appointed as deputy marshals, La.R.S. 13:1881 and 13:1882 answer your question. These statutes are as follows:
 Section 1881. General powers and duties of marshal; deputy marshals
 A. The marshal is the executive officer of the court; he shall execute the orders and mandates of the court and in the execution thereof, and in making arrests and preserving the peace, he has the same powers and authority of a sheriff.
 B. The marshal may appoint one or more deputy marshals having the same powers and authority as the marshal, but the marshal shall be responsible for their actions. The compensation of the deputy marshals shall be fixed and paid by the governing authorities of the city or parish, or both, where the court is located. The city marshal may use funds available for expenses of his office, including proceeds from costs assessed in criminal matters pursuant to R.S. 13:1899, to pay an amount in excess of the fixed salary or to pay the amount fixed or any portion thereof to deputy marshals or to employ additional deputies. However, nothing herein shall authorize the city marshal to fix or supplement his own salary. In no event shall the salary of any deputy exceed that of his city marshal.
 Section 1882. Absence or inability of marshal;vacancy in office
 A. When the marshal is absent or unable to act for any cause, the judge may appoint any other person as temporary marshal.
B. Repealed by Acts 1999, No. 1345, § 4.
 C. If the unexpired term is for a longer period than one year, an election to fill the vacancy shall be ordered by the proper legal authority under the general election laws.
According to these provisions, the marshal is the executive officer of the court who shall execute the orders and mandates of the court. (Emphasis added). While the judge may appoint any other person as temporary marshal if the marshal is absent or unable to act, only the marshal may appoint one or more deputy marshals who are responsible to the marshal for their actions. (Emphasis added).
It appears that police officers who have the chief of police as their supervisor cannot be deputy marshals since they do not answer to the marshal. Also, as stated above, only the marshal may appoint deputy marshals. Theoretically, a police officer could be appointed as the marshal but only if the actual marshal is absent or unable to act. However, in this scenario problems would then arise with the prohibitions against dual office holding. According to the pertinent part of La.R.S.42:63(D):
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. (Emphasis added).
While the police officer was not elected marshal, he is holding the office of an elected official. If he is also employed as a full-time police officer, this would be dual office holding which is prohibited.
You also ask if fees involved could go to the City of Opelousas. According to La.R.S. 13:1899 (C), the city judge shall assess the sum of ten dollars as additional costs of the court which shall be in the name in, and under the control of and for the use of the marshal.
Additionally, La.R.S. 13:2105.1 applies specifically to the marshal of the City of Opelousas. This statute requires the marshal to collect twelve dollars for the service of subpoenas in criminal matters. These funds are to be deposited into the marshal's general fund and are to be used at the sole discretion of the marshal to supplement the operational expenses of the marshal's office. Therefore, these fees cannot go to the City of Opelousas.
In summary, a review of pertinent statutes reveals that full-time police officers may not be appointed as a deputy marshal and that fees associated with criminal matters go to the marshal's accounts and not to the city.
We trust this answers your question. However, if you should need anything further do not hesitate to contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________ FRANCES J. PITMAN ASSISTANT ATTORNEY GENERAL
RPI:FJP:sc
DATE RECEIVED: April 11, 2002 SH
DATE RELEASED: September 27, 2002